

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Mr. James:

Opinion No. O-5782

Re: Status and disposition of money now held by the State Treasurer in the dissolution of solvent State banking institutions, under Article 540 of the Revised Civil Statutes.

Your request for an opinion upon the above captioned subject matter is as follows:

"In the Dissolution of Solvent Corporations, Fund No. 31, the State Treasurer holds $14,860.87 deposited under Article No. 540, to the credit of depositors and/or stockholders of various corporations, whose whereabouts were unknown at the time of liquidation.

"The Texas Banking Code of 1943, incorporated in House Bill No. 97 as passed by the 43rd Legislature, appears to supercede and repeal all previous Articles and Acts by which authority the State Treasurer holds the above described funds.

"We respectfully request your opinion on the following questions:

"1. Should all or any part of the $14,860.87 now held by the State Treasurer in the Dissolution of Solvent Corporations Fund be transmitted to the State Banking Commission?

Honorable Jesse James - page 2

"2. Should the State Treasurer's
records, including ledgers, depositors
and/or stockholders list, together with
correspondence pertaining to same be
surrendered to the State Banking Com-
missioner?

"3. If your answer to the forego-
ing questions be in the affirmative, is
the State Treasurer relieved of all fu-
ture responsibility in regard to the
above accounts?"

Article 540 of the Revised Civil Statutes deals
with the question of final settlement of State banking in-
stitutions in the process of voluntary liquidation, and
so far as pertinent here is as follows:

" * * *. Within six months after the
filing of such certificate, the corporation
shall pay all sums due depositors and cred-
itors whom they can discover and who claim
the moneys due them; and upon the expira-
tion of said six months, it shall be the
duty of the corporation to make a statement
from the books of said corporation, certified
by the president and secretary, of the names
of all depositors and creditors who have not
claimed or have not received the balances to
their credit or due them respectively, and to
file the same with the State Treasurer and to
pay the said State Treasurer all such unclaim-
ed deposits, moneys and credits for the use
and benefit of such depositors and creditors.
The board of directors shall then divide the
capital stock, guaranty and indemnity fund
and all other assets or the proceeds there-
of among the stockholders ratably; and the
board of directors shall thereupon file in
the office of the Banking Commissioner a cer-
tificate surrendering the corporate franchise."

This Article was a part of Title 16 of the Re-
vised Civil Statutes of 1925, and, as you say, has been
repealed by the comprehensive Act of the 48th Legislature,
known as Texas Banking Code of 1943, and is therefore no
part of the present statutes.

592

Honorable Jesse James - page 3

It was entirely within the province of the
Legislature to repeal this Article, as it did, but
such repeal did not have and could not have the ef-
fect to disturb private property rights that had be-
come fixed thereunder while the Article was an exist-
ing statute. Such rights are known as vested rights
and are, of course, beyond legislative interference.
The moneys mentioned by you having been deposited
with the State Treasurer, in pursuance of the terms
of Article 540 while it was an existing law, there-
upon vested in the owners of such funds as a fixed
and definite private right, entirely personal in its
nature. The Texas Banking Code of 1943 did not at-
tempt to interfere in any way with such vested prop-
erty rights, so that they remain precisely as they
became when the deposits were made.

While Article 540 has been repealed, the
statutory trusts that were created under that Article
in the process of voluntary liquidations of banking
institutions have not been destroyed, but on the con-
trary have been respected.

In Article 15 of Chapter VIII of the Banking
Code, there is this provision:

"All unclaimed dividends and all funds
hereafter available for non-claiming deposit-
ors and creditors, together with all funds
held pursuant to the provisions of Article
540 of the Revised Civil Statutes of Texas,
(which latter funds shall be transmitted by
the State Treasurer to the Commissioner, to-
gether with a list of the depositors and
creditors for whose benefit the same is held),
shall be deposited by the Commissioner in one
or more State banks for the benefit of the
depositors and creditors entitled thereto."

Thus, the Legislature respecting the trust
has merely changed the trustee from State Treasurer to
Banking Commissioner, a thing it had full power to do.
(Security Savings Bank v. The State of California, (U.S)
68 Law ed. 301, 31 A. L. R. 391).

So that, your questions are answered categori-
cally as follows:

1. All of the funds mentioned by you should be transmitted to the State Banking Commissioner.

2. There should accompany this transmission "a list of the depositors and creditors for whose benefit the same is held", and this list should of course include the respective amounts due to such depositors and creditors, and likewise the bank making the deposit. The Treasurer should not transmit to the Commissioner the records, ledgers, lists and correspondence pertaining to same, since they constitute a part of the permanent archives of his office. Those lists transmitted to the Banking Commissioner should be certified under the hand and seal of the State Treasurer.

3. The transmission by the State Treasurer to the Banking Commissioner of the lists mentioned in Answer 1 relieves him of all future responsibility and liability in regard to the trust previously being administered by him.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

